June 15, 2020

The Plaintiffs hereby clearly state that they are suing the Defendants in their personal capacities and also their official capacities

---

Plaintiffs hereby specify the following actions by all named Defendants that give rise to liability. The Defendants violated The Plaintiffs First Amendment Rights to Religious Freedom and Free Speech were obstructed.

Plaintiffs assert that all individually named Defendants engaged in retaliatory behavior and said behavior was a direct result of a conspiracy among the individually named Defendants, whom Plaintiffs are suing in their personal and official capacities, and that all Defendants should be held vicariously liable. Plaintiffs Hageman and Billups bring these claims under 28 U.S.C. ss 1983: Interference with First Amendment Rights of Religious Freedom: with holding Hageman's and Billups's Bibles and not providing Plaintiffs with said Religious Belongings; Violations of Right to Due Process in connection with unfounded disciplinary violations; Denial of access to Courts by interfering with access to lawyers, law library, law enforcement, legal documents and notary by Gwen Brausen; Failure to protect: Physical Assault by prison officers; Retaliation for Civil Rights lawsuit and interference with First Amendment Right of Free Speech; Denial of access to Courts by confiscating legal materials; Vicarious Liability by Minnesota Department of Corrections; Common Law battery by Corrections officers; Violations of Due Process by placement in Administrative Detention or similarly restricted confinement; Conspiracy to Violate Plaintiffs Rights in furtherance of retaliation; Vicarious liability by Minnesota Department of Corrections for the above-describes conduct of its employees and common law battery by Lt. Engledinger, Officer Fleck, Matthew Kotaska, Tyler Haugen, Christopher Fadling, Zachariah Frank, Officer J. Elmore and Officer S. Mielke on September 16, 2019. Plaintiffs right wrist was severely fractured as a result thus providing actual injury verified by Hageman's medical records obtained by Plaintiff and designated representative, establishing an access-to-the-courts-claim. Harm also resulted to the Plaintiff when they were denied access to the Courts, undue stress and anxiety resulted when the Defendant obstructed justice, blocked calls to law enforcement and lawyers; Defendants violated Plaintiffs Fourteenth Amendment's Due Process Clause (See Crow v. Montgomery 403 F. 3d 598, 601 8th Cir. 2005). as Hageman's Rights were violated because the conditions of his confinement constituted punishment when on September 16, 2019 he was unjustly confined to a segregation cell without Due Process where another offenders blood was splattered all over the cell walls and on and in the sink and toilet after the correctional officers used excessive force that amounted to punishment. Since the Fourteenth Amendment affords at least as great of protection as that afforded convicted prisoners under The Eighth Amendment

18-13

RECEIVED BY MAIL
JUN 19 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA


SCANNED
JUN 19 2020
U.S. DISTRICT COURT MPLS

Hageman's Constitutional Rights were also violated when prison officials failed to protect him. The officials acts objectively caused a serious deprivation. Lt. Engledinger, Lt. Baird, Lt. J. Rykken and Sgt. J. Elmore all had a subjectively culpable state of mind and all failed to protect him. Hageman suffered a serious deprivation as a result of as a result of their failure to act. The excessive force used by the correctional officers caused the Plaintiff serious mental, physical, and emotional injury while confined in St. Cloud Correctional Facility.

Billups was denied access to legal documents by Lt. Baird, AWO Carol Krippner and Lt. Engledinger and in response from Lt. Baird on September 16, 2019 he said "did not know what item you are asking for". Billups specifically requested a U.S.C. 1983 Federal Inmate Civil Lawsuit JS-44 Civil Coversheet.

Medical malpractice was clearly an issue when Plaintiff Hageman was denied care from September 16, 2019 to October 7, 2019. After Hageman was attacked by correctional officers in unit E and also again inside of health services when he asked to read a document before he agreed to sign it. The St. Cloud Correctional officers dragged the Plaintiff to the segregation unit and proceeded to rip and cut Hageman's clothes off of him and threw him naked into a freezing "quiet cell" without ever getting a Due Process hearing. Plaintiff asserts this was a cruel and unusual punishment and denial of Due Process and a violation of his Fourth Amendment because ripping his clothes was part of a search conducted unreasonably.

Hageman was transferred to MCF Stillwater and no explanation, Due Process or report was ever given to the Plaintiff regarding the incident.

The Plaintiff wrote a grievance to Warden Eddie Miles and also The Inspection and Enforcement unit of the MN D.O.C (Exhibit A1 and A2). No action was taken by officials at all.

18-13