UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Khalil Billups and<br>Adam R. Hageman,<br><br>       Plaintiffs,<br><br>v.<br><br>Minnesota Department of Corrections, et al.,<br><br>       Defendants. | Case No. 19-cv-2581 (NEB/DTS)<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

This action comes before the Court on Plaintiffs' (1) Amended Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983, ECF No. 27 ("Amended Complaint"); and (2) untitled supplement to the Amended Complaint filed on June 19, 2020, ECF No. 28 ("Supplement"). For the following reasons, the Court recommends dismissing certain parts of this action and orders Plaintiffs to provide service-related information for the remaining Defendants.

**I.    BACKGROUND**

    **A.    The Original Complaint**

This action's Plaintiffs are Khalil Billups and Adam R. Hageman, both prisoners housed by the Minnesota Department of Corrections ("MNDOC"). *See* Docket (showing Plaintiffs' current addresses). The Court received their complaint on September 24, 2019. *See* Compl. 1, ECF No. 1.[1] This Court has previously summarized the Complaint's

---

[1] Citations to filed materials use the page numbers provided by the Court's CM/ECF filing system.

allegations. As discussed below, the Amended Complaint incorporates most of the original, so that earlier summary provides useful context here:

[In September 2019,] Plaintiffs were both inmates at the Minnesota Correctional Facility in St. Cloud, Minnesota (MCF–St. Cloud). Defendants are the [MNDOC]—the Minnesota state agency responsible for MCF–St. Cloud—and fifteen individual defendants who apparently worked for the MNDOC at MCF–St. Cloud.

Plaintiffs purport to bring this action under 42 U.S.C. § 1983. The Complaint's allegations discuss several incidents that (Plaintiffs claim) involved violations of their rights under the U.S. Constitution; Plaintiffs also claim that Defendants violated various federal criminal statutes. On the Court's read, the Complaint focuses on five main courses of conduct.

- First, on September 16, 2019, various unnamed correctional officers removed Hageman from his bunk while he was studying his Bible. These officers were moving Hageman to MCF–St. Cloud's segregation unit. Plaintiffs allege that while transferring Hageman, the officers "assaulted him by lifting [him] by the handcuffs chain." Plaintiffs claim that the assault was "an act of retaliation and religious discrimination."

- Second, Plaintiffs allege that when Hageman arrived at his segregation-unit cell, there was "an unknown offender's blood all over the wall, floor, and in sink." Furthermore, several times during the transfer process, Hageman specifically asked the officers to let him keep (among other things) his copy of the Bible, an edition he describes as a "Holy Good News Bible with Deuterocanonicals/ Aprocrypha." After the transfer, however, MCF–St. Cloud staff brought him the wrong Bible—specifically, Billups's, which Plaintiffs describe as a "New International Reader's Version NIRV Free on the Inside Large Print Bible." The result was that Hageman, while in the segregation unit, had the wrong Bible, and Billups was without his Bible as well.

- Third, Plaintiffs generally suggest that MCF–St. Cloud staff improperly followed up with Hageman after he indicated that he was suffering "extreme and tormenting pain" a few days after the September 16 incident. Plaintiffs allege that after Hageman asked for medical assistance, he was told that a doctor would follow up with him, but then no doctor did. Plaintiffs also contend that Hageman repeatedly asked for someone to take pictures of his injuries, but no one did.

2

- Fourth, Plaintiffs allege that Hageman was "never served a copy of a conduct report, rule violation, or violation report," and was "never served a notice of his due process hearing rights and/or notice of a hearing date." The issue here appears to be that Hageman believes that he should have received some formal explanation for why he was moved to the segregation unit.

- Fifth, Plaintiffs allege that in the process of trying to prepare this lawsuit, MCF–St. Cloud staff refused to notarize certain documents.

The Complaint mentions various potential causes of action. In several summary paragraphs, Plaintiffs assert that Defendants "combined, agreed, and conspired against the Plaintiffs"; violated Plaintiffs' "right to be free from discriminatory official treatment"; and violated Plaintiffs' rights under the First Amendment. They also claim that Defendants' conduct violated Hageman's "substantive due process rights." Plaintiffs also state that Defendants violated numerous federal criminal statutes.

Plaintiffs' only explicit request for relief is a demand for $14.8 million in damages. They ascribe this to "lost/reduced future earning capacity, . . . future health care expenses, future pain, future disability, past emotional distress, and any and all future or past damages."

Order and R&R 2–3, ECF No. 13 ("April 2020 R&R") (citations and footnotes omitted).

This Court addressed the Complaint in the April 2020 R&R. For the purported § 1983 claims, the Court observed that "[t]he Complaint says nothing about the capacity in which Plaintiffs are suing any of the individual defendants." *Id.* at 5 (citing Complaint). Given Eighth Circuit precedent, the Court treated the Complaint as bringing only official-capacity claims against the individual defendants. *See id.* at 4–5 (citing cases). The resulting suit consisted of damages claims against both a state agency (i.e., MNDOC) and various individuals in their official capacities. *See id.* at 5. Applying the Eleventh Amendment's state-sovereign-immunity grant, the Court concluded that it lacked jurisdiction over Plaintiffs' § 1983 claims and recommended dismissing them without prejudice. *See id.* at 6.

3

As for the Complaint's claimed violations of federal statutes, this Court noted that "federal criminal statutes generally do not provide private rights of action," and, more specifically, that the specific statutes cited in the Complaint do not provide such rights. *Id.* at 7–8 & n.5 (citing cases). The Court therefore recommended dismissing (with prejudice) Plaintiffs' claims based on these statutes. *See id.* at 8.

After recommending the dismissal of the Complaint's § 1983 claims and claims based on federal criminal statutes, no more claims remained. The Court therefore recommended dismissing the Complaint in its entirety. *See id.*

### B.     The Amended Complaint and Supplement

On April 22, 2020, the Court received a letter from Hageman responding to the April 2020 R&R.  *See* Letter from Adam Hageman to Clerk of Court 1, ECF No. 17 ("Letter Objection"). This document made several points. First, Hageman stated that Plaintiffs meant to sue the individual defendants in their individual capacities and their official capacities. *See id.* Second, he indicated that Plaintiffs sought to remove from the Complaint their claims under federal criminal statutes. *See id.* at 1–2. Finally, the Letter Objection also included a factual correction. According to Hageman, while he was in segregation, he "was never given Plaintiff Billups's Bible"; rather, he "was NOT given any Bible." *Id.* at 2.

On April 27, 2020, the Court received another document from Hageman, this one specifically titled "Written Objection and Response." ECF No. 18 ("Formal Objection").  This reiterated that the Court should treat this action's § 1983 claims against individual defendants as pressing individual- and official-capacity claims. *See id.* at 2. Invoking Local Rule 15.1, the Formal Objection also asked this Court to give Plaintiffs leave to file an amended complaint. *See id.* at 2–3. Alongside the Formal Objection, Plaintiffs submitted a

First Amended Complaint (ECF No. 19) and a redline (ECF No. 19-1) comparing that document to the original Complaint.

On June 3, 2020, Judge Nancy E. Brasel granted Plaintiffs leave to amend the Complaint.  *See* Order on Mot. to Amend 4, ECF No. 22. The Court gave Plaintiffs 21 days—until June 24, 2020—to file their amended complaint, after which this Court would screen that filing under 28 U.S.C. § 1915(e)(2)(B).  *See id.* at 4–5.

Plaintiffs filed the Amended Complaint and the Supplement on June 19, 2020.[2] The Amended Complaint is essentially a copy of the original Complaint with certain minor revisions.  *Compare* Am. Compl. *with* Compl. The two key differences between the documents are that the Amended Complaint (1) adds two individual defendants (Eddie Miles and Carol Krippner); and (2) removes the Complaint's discussion of federal criminal statutes, leaving behind only Plaintiffs' § 1983 claims. *See* Am. Compl. 1, 18–19.

The Supplement is a two-page document containing various statements. *See generally* Suppl. Plaintiffs state that they are suing the individual Defendants "in their personal capacities and also their official [capacities]." *Id.* at 1. Plaintiffs also provide several paragraphs that purportedly "specify the . . . actions by all named Defendants that give rise to liability." *Id.* Much of this summarizes or restates allegations from the Amended

---

[2] On June 12, 2020, the Court received another document from Plaintiffs titled "First Amended Complaint" (ECF No. 24). After reviewing this document alongside the Amended Complaint and Supplement, the Court believes that the document at ECF No. 24 was an early attempt to generate what became the Amended Complaint and Supplement (e.g., it shows certain redline edits and contains a one-page version of what eventually became the two-page Supplement). *Compare id. with* Am. Compl.; Suppl.  The Court therefore disregards the document at ECF No. 24 and treats the Amended Complaint and Supplement as this action's operative pleading.

Complaint (which itself duplicates material from the Complaint). Some material, however, appears to be new:

- Plaintiffs contend that during the September 2019 incident when certain Defendants battered Hageman, other officers failed to protect him. *See id.* at 2.

- Plaintiffs contend that Billups "was denied access to legal documents" by Defendants Baird, Krippner, and Engeldinger. *Id.* Billups allegedly asked for a civil cover sheet, but Baird responded that he did not know what Billups was referring to. *See id.*

- Plaintiffs assert that Hageman experienced medical malpractice with respect to care received after the September 2019 incident. *See id.* They also allege that after the incident, certain Defendants placed Hageman into a "freezing 'quiet cell.'" *Id.* Plaintiffs assert that this violated Hageman's due-process rights and his right not to be subjected to cruel and unusual punishment. *See id.*

- Plaintiffs claim that "Hageman was transferred to MCF Stillwater" without explanation, purportedly in violation of due process. *Id.*

## II. ANALYSIS

### A. Screening Standards

Plaintiffs applied to proceed *in forma pauperis* in this action, and the Court granted those applications. *See* Apr. 2020 R&R 4. Plaintiffs have paid their initial partial filing fees, and Billups has begun making periodic payments under 28 U.S.C. § 1915(b). *See* Docket. Under 28 U.S.C. § 1915(e), however, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious" or "seeks monetary relief against a defendant who is immune from such relief." Furthermore, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

6

## B. State Sovereign Immunity

Because the Amended Complaint and Supplement comprise a slightly revised copy of the original Complaint (with a couple new pages of factual allegations), some of this Court's analysis of the original Complaint carries over. In particular, the Court's prior analysis of Plaintiffs' claims against MNDOC and official-capacity claims against the individual Defendants remains (with minor edits) valid in full:

> Under the Eleventh Amendment, suits against a state agency are functionally suits against the state itself. *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) (citing cases); *Hanks v. Hills*, 373 F. Supp. 3d 1230, 1232 (D. Minn. 2017) (citing *Monroe v. Ark. St. Univ.*, 495 F.3d 591, 594 (8th Cir. 2007)), *report and recommendation adopted*, 2017 WL 10243525 (D. Minn. Nov. 27, 2017). Similarly, official-capacity § 1983 claims against a state employee are also functionally claims against the state itself. *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State." (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Lewis v. City of Burnsville*, No. 19-CV-1117 (ECT/BRT), 2019 WL 5623512, at *3 (D. Minn. Oct. 31, 2019) (making same point (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Under these rules, [Plaintiffs' § 1983 claims against MNDOC and official-capacity claims against the individual Defendants] are functionally claims against the State of Minnesota.
>
> This in turn means that the Court must consider the Eleventh Amendment's grant of state sovereign immunity. Under the Eleventh Amendment, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. Notwithstanding the phrase "another State," precedent establishes that "'an unconsenting State is immune from suits brought in federal courts *by her own citizens* as well as by citizens of another state.'" *Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018) (emphasis added) (quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). And the issue is jurisdictional: under the Eleventh Amendment, federal courts generally lack subject-matter jurisdiction over claims against an unconsenting state. *See, e.g.*, *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (citing *Seminole Tribe of Fla.*

7

>   *v. Florida*, 517 U.S. 44, 54–55 (1996)); *Gardner v. Minnesota*, No. 16-CV-3999 (JNE/KMM), 2019 WL 1084714, at *3–4 (D. Minn. Jan. 15, 2019) (quoting *Becker v. University of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999)), *report and recommendation adopted*, 2019 WL 1086338 (D. Minn. Mar. 7, 2019).
>
>   Plaintiffs say nothing to suggest that the State of Minnesota has consented to suit in this action. The Court thus concludes that sovereign immunity bars Plaintiffs' [§ 1983 claims against MNDOC and official-capacity claims against the individual Defendants]. The Court therefore recommends that these claims all be dismissed without prejudice for lack of jurisdiction.

Apr. 2020 Order 5–7.

Because this action's only claims against MNDOC are Plaintiffs' § 1983 claims, the Court further recommends dismissing MNDOC from this action.

### C.   Claims Against "Officer J. Lehner"

What remains are Plaintiffs' individual-capacity claims against the individual Defendants. For the bulk of these individuals, the Court recommends letting this case proceed; the Court therefore orders Plaintiffs to provide pertinent service-related information.[3]

One Defendant presents an exception. A case is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Day v. Minnesota*, No. 19-CV-0496 (WMW/LIB), 2019 WL 3371132, at *2 (D. Minn. July 26, 2019) (quoting *Neitzke*). When a complaint lacks any allegations explaining what a given defendant did that generates legal liability, the complaint lacks an arguable basis in fact as

---

[3] Once served, Defendants may of course respond in any manner permitted by the Federal Rules of Civil Procedure. The Court's recommendation here is without prejudice to any arguments that Defendants may make about this action's claims going forward.

8

to that defendant. *See, e.g.*, *Radabaugh v. Corp. Tr. Co.*, No. 17-CV-1559 (JRT/BRT), 2017 WL 8944024, at *4 (D. Minn. May 22, 2017), *report and recommendation adopted*, 2017 WL 4023102 (D. Minn. Sept. 13, 2017).

Here, as best as the Court can tell, the Amended Complaint and Supplement contain no allegations concerning Defendant "Officer J. Lehner." *See generally* Am. Compl.; Suppl. This action thus straightforwardly lacks any basis in fact to the extent it presses claims against Lehner. The Court therefore recommends dismissing the Amended Complaint without prejudice to the extent it presses claims against Lehner and recommends dismissing Lehner from this action.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs must submit a properly completed Marshal Service Form (Form USM-285) for Defendants Miles, Rykken, Engeldinger, Baird, Brausen, Fleck, Hudek, Kotaska, Haugen, Fadling, Frank, Elmore, Anderson, Zencius, Mielke, and Krippner. If Plaintiffs do not complete and return the Marshal Service Forms within 30 days of this Order's date, the Court will recommend dismissing this matter without prejudice for failure to prosecute. Marshal Service Forms will be provided to Plaintiffs by the Court.

2. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Defendants (in their individual capacities) consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

3. If a defendant fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause,

reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, the Court **RECOMMENDS**:

1. Plaintiffs' claims in this action against MNDOC be **DISMISSED** without prejudice, and MNDOC be **DISMISSED** from this action.

2. Plaintiffs' claims against the individual Defendants in their official capacities be **DISMISSED** without prejudice.

3. Plaintiffs' claims against Defendant "Officer J. Lehner" be **DISMISSED** without prejudice, and Lehner be **DISMISSED** from this action.

Dated: February 18, 2021         　　s/David T. Schultz　　　
　　　　　　　　　　　　　　　　 DAVID T. SCHULTZ
　　　　　　　　　　　　　　　　 U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).