UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

RECEIVED BY MAIL
MAR 03 2021
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
MAR 03 2021
U.S. DISTRICT COURT MPLS

Khalil Billups and
Adam R. Hageman

    Plaintiffs,

Minnesota Department of
Corrections, et al.,

    Defendants

Case No.
19-cv-2581 (NEB/DTS)

Plaintiffs Written Objection to Report And Recommendation

**PLEASE TAKE NOTICE**
that, pursuant to Local Rule 72.2(b)(1), Plaintiffs Adam R. Hageman and Khalil Billups hereby move for an order/Recommendation that does not include:

1. Plaintiffs' claims in this action against MNDOC be Dismissed without prejudice, and MNDOC be Dismissed from this action.

2. Plaintiffs' claims against the individual

Page 1

Defendants in their official capacities be Dismissed without prejudice. (Doc. 40-0 Page 10 of 10). The Plaintiffs' Motion/Objection is based on all of the files, records and proceedings herein, including the Plaintiffs' Memorandum of law, affidavits, and exhibits and supporting documents filed herewith.

Plaintiffs' argue MNDOC as a Defendant caused the Constitutional and Civil Rights Violations discussed in the Plaintiffs Complaint thus generates legal liability under 42 U.S.C. § 1983.

## I. ANALYSIS

A. It is the Plaintiffs' position that because Defendants violated their Rights under the United States Constitution, and violated various Federal and State Criminal Statutes. History will certainly remember this year and its prominent Social debates. One of the most

pressing issues is, of course, police conduct. An interesting part of the debate over officer conduct has to do with existing civil-liability laws, and specifically whether a local government should be held accountable for conduct of its officers, regardless of their guilt or innocence.

Often, civil Plaintiffs are seeking "equitable relief," or court orders that alter or prohibit certain conduct. This type of relief is greatly effective, as the judiciary is able to prevent use of dangerous police restraints or techniques before they cause future harm. But sometimes the damage caused by violating Fundamental Rights as in this matter (Billups v. Minnesota Department of Corrections, et al.,) can be best remedied by money. Victims like the Plaintiffs, Adam Hageman and

Page 3

Khalil Billups and Families of Victims typically seek money damages in the (form) of Compensatory and Special damages to cover economic loss stemming from injury, deprovation, or death of (loved ones.)

42 U.S.C. § 1983 supplies the pathway for these Plaintiffs to seek legal (relief.) The Federal Statute (provides) that every person who deprives another of (his) or her Constitutional Rights under color of State law Shall be liable for money damages. For much of American history, The Federal Bill of Rights did not apply against State and local government, but after most of those (Rights were held "incorporated" against the States by the Supreme Court, § 1983 allows the Plaintiffs to hold State and local governments accountable for violations of Constitutional Rights.

Page 4.

But, when the defendant is a local government or municipality, rather than an individual government official, political subdivisions enjoy unique protection from liability under a case called Monell.

In 1961 The Warren Court, typically remembered for its expansion of Civil Rights protections, held that municipalities cannot be liable under §1983. This holding was overturned by Monell v. Department of Social Services of the City of New York, which created a narrow pathway for Civil Rights Plaintiffs to seek money damages against a City, State, State agency such as the Defendant Minnesota Department of Corrections. This expansion came with an important limitation: a political subdivision cannot be held liable under a theory of respondeat superior.

Here, conflict arises: If a City, State, County, or other governmental Department such as Defendant MNDOC cannot be vicariously liable for the actions of its employees, how can a Civil Rights Plaintiff ever hold a political subdivision accountable for actions committed in its name?

Justice Brennan summarized this dichotomy in Pembaur v. City of Cincinnati writing: "Monell reasoned that recovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality' — that is, acts which the municipality has officially sanctioned or ordered."

To remedy this tension, the Supreme Court has defined

Page 6.

four narrow avenues by which a Plaintiff or Plaintiffs' (ie Adam Hageman and Khalil Billups) can allege that unconstitutional actions are "of the municipality."

Here Presently Plaintiffs allege the Defendants has an unconstitutional Policy — As these policies may be written or unwritten, so long as they can properly be attributed to a "Policymaker." Per The Court, policymakers are typically elected or those defined as policymakers by State law. This avenue also provides a standard of causation: If a subordinate employee is the party responsible for the deprivation of Rights, the entity may only be responsible if a certain policy was a "Moving Force" behind their action. This but for Standard serves as a backstop to ensure that Vicarious

Page 7.

liability for an employee's actions is not imputed onto a political subdivision.

## II. Argument

Defendants all are liable under §1983 for unconstitutional customs and practices because both Civil Rights Plaintiffs can identify no policymaker outside of the Minnesota Department of Corrections. In addition both Plaintiffs point to a deprivation of Rights over a length of time and with significant frequency.

The policymaker (Defendant Minnesota Department of Corrections) delegates authority to a subordinate employee that engaged in both unconstitutional actions and explicitly approved of said behavior.

Page 8.

The Defendants' actions as outlined in Plaintiffs Amended Complaint meet these standards, the act can be said to be "Of the municipality" by adoption.

The Plaintiffs also show the Court that the Defendants were negligent with their blatantly unconstitutional acts and allege deliberate indifference as to Guion Brausen, Warden Eddie Miles, Lt. J Rykken, Lt. Engeldinger, Lt. Baird and AWO Carol Krippner over concern of their failure to hire, train, or supervise employees. Deliberate indifference liability such as in this case attaches when policymakers ie Defendants are aware of a very large risk and grossly neglect to address it. Plaintiffs both informed the above mentioned Defendants of many illegal, dangerous, and unconstitutional wrongs committed

Page 9.

by MNDOC Officers over the course of several weeks.

Violation of Hagemans Due Process Rights, Obstruction of Justice, Defendants Refusal of Medical Care for Hageman, Unlawful Conditions of Confinement, Cruel and Unusual Punishment, Retaliation, and several Constitutional and Civil Rights violations Clearly entitle the Plaintiffs to prosecute Defendants.

Plaintiffs Right to be free from discriminatory Official treatment along with all other Causes of action against a State agency (i.e. MNDOC) along with individuals in their official capacity and personal capacity do properly address jurisdiction.

Both Plaintiffs reviewed the Complaint with Sgt. Gwen Brausen before she ultimately notarized documents after refusing several

Page 10

times over the course of several days. Defendant Brausen said "I will have to read and consent to this lawsuit since it is against the Minnesota Department of Corrections." Defendants action bars the Eleventh Amendment's grant of State sovereign immunity. As an authorized representative and employee of the State of Minnesota consenting to the action See, eg Sossamon v. Texas, 563 US 277, 284 (2011)(citing Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54-55 (1996)); Gardner v. Minnesota, No. 16-cv-3999 (JNE/KMM) 2019 WL 1084714, at *3-4 (D. Minn. Jan. 15, 2019). Upon Discovery Written Answers to Plaintiffs Interrogatories and Request for Production of Documents, Defendants will be required to provide Plaintiffs and The Court video responsive to Plaintiffs Requests. The video of the Plaintiffs and Defendant Consenting after review shall provide evidence

Page 11.

relevant to this argument along with Defendant Brausens' answer to the Plaintiffs Interrogatories.

Plaintiffs suggest by the actions at Minnesota Correctional Facility St. Cloud described above the State of Minnesota has Consented to Suit in this matter.

Finally, The Civil Rights Act of 1871 states beyond doubt that the 1871 Congress clearly intended §1983 to apply to such officers as the Defendants and all agreed that such officers could Constitutionally be subjected to liability under §1983. The act also unquestionably was intended to provide a remedy, to be broadly construed, against all forms of Official violation of Federally Protected Rights.

Therefore, Without a Clear

Statement in the legislative history, which is not present, there is no justification for excluding States, Institutions, Departments, Agencys, or municipalities from the "Persons" covered by §1983.

Rather than being deficient or leaving blatantly unconstitutional violations unaddressed the Plaintiffs find The Courts Order sufficiently addresses the factual allegations and the legal standard which The Courts accepted "as true all factual allegations in the Complaint and draws all inferences in favor of the Plaintiffs"

Plaintiffs Amended Complaint makes explicit mention of policy or practice several times in which the Defendants violated official MNDOC policy. All the Defendants had a subjectively culpable state of mind and knowingly engaged in action

Page 13.

that was unconstitutional. The Defendants actions objectively caused a serious deprovation as a result of their failure to act and caused the Plaintiffs serious mental, physical and emotional injury. Local government officials sued in their official capacities are "persons" under 42 U.S.C.S. 1983 - which imposes civil liability on any person who deprives another of his Federally protected Rights - in those cases in which a local government would be suable in its own name Monell v. Dep't of Soc. Servs., 436 U.S. 658.

With regard to local government units which are not considered part of the State for Eleventh Amendment purposes, The Eleventh Amendment is not a bar to liability under 42 U.S.C.S. 1983, which imposes civil liability on any person who deprives another person of Federally Protected Rights.

Page 14.

Under Rights § 12.5
Liability for Violations-
Local governing bodies and
State Law Immunities it is Clearly
Stated "State-law immunities
do not override a Cause of
action under 42 USCS. 1983,
Which imposes Civil liability on
any person who deprives another
of his Federally protected Rights."

As "Persons" the Defendants
are Subject to liability under
42 USCS. 1983 for violating the
Plaintiffs Federally protected Rights
as outlined in the Complaint
and herein. Defendants can be
Sued directly under 1983 for
monetary, declaratory, or injunctive
relief where the action that is
alleged to be unconstitutional
implements or executes a policy
Statement, ordinance, regulation
or decision officially adopted

Page 15.

and promulgated by that body's officers.

Although the touchstone of an action against a government body under 42 U.S.C.S. §1983 — which imposes civil liability on any person who deprives another of his federally protected Rights is an allegation that official policy is responsible for a deprivation of Rights protected by The Constitution, local governments, like every other 1983 "person" may be sued for Constitutional deprivations visited pursuant to governmental "Custom" even though such a Custom has not received formal approval through the body's official decision making channels.

The Defendants violated official policy — Local governments sued under §1983 cannot be entitled to an absolute immunity, least today's decision " be drained"

Page 16.

of meaning", <u>Scheuer v. Rhodes 416 U.S. 232, 248 P.701.</u>

The Plaintiffs believe in conclusion the interests of Justice weigh in favor of the Plaintiffs' argument and in regards to Discovery there are genuine issues of material fact that support both Plaintiffs position in this matter.

Dated: February 25, 2021

Respectfully Submitted

Adam Hageman Pro-Se
1101 Linden Lane
Faribault, MN 55021