## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KHALIL BILLUPS and ADAM R. HAGEMAN, | Case No. 19-CV-2581 (NEB/DTS) |
| Plaintiffs, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| MINNESOTA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

---

Plaintiffs Khalil Billups and Adam Hageman, both prisoners housed by the Minnesota Department of Corrections ("DOC"), filed an Amended Complaint alleging 42 U.S.C. Section 1983 claims against the DOC and several individual defendants who allegedly work for the DOC. Because Plaintiffs sought to proceed *in forma pauperis*, United States Magistrate Judge David T. Schultz screened the complaint under 28 U.S.C. Section 1915(e)(2)(B) to determine whether it stated a claim on which relief can be granted. (ECF No. 40 ("R&R") at 6–10.) In a Report and Recommendation, Judge Schultz recommends that the Court dismiss without prejudice the claims against the DOC, the individual defendants in their official capacities, and defendant "Officer J. Lehner." (*Id.* at 10.) Judge Schultz further recommends that the Court dismiss the DOC and Lehner from this action. (*Id.*) Plaintiffs filed an objection to the R&R. (ECF No. 42 ("Obj.").) The

Court now reviews *de novo* those portions of the R&R to which Plaintiffs object. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Because Plaintiffs are proceeding *pro se*, the Court construes their objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## BACKGROUND

The R&R explains the relevant factual and procedural history of the case. (R&R at 1–6; Obj. at 13 (acknowledging that the R&R "sufficiently addresses the factual allegations and the legal standard").) The Court repeats a few facts necessary for its analysis.

Plaintiffs brought this Section 1983 action alleging that the DOC and individual defendants violated certain constitutional rights. They seek only monetary damages. (ECF No. 1 at 23; *see* Obj. at 3–4 (confirming that Plaintiffs seek monetary damages).) Upon screening the original complaint under Section 1915(e)(2)(B), Judge Schultz recommended that the complaint be dismissed. (ECF No. 13 at 9.) Plaintiffs then asked for—and received—leave to amend the complaint. (ECF Nos. 18, 22.) Plaintiffs filed an Amended Complaint, which is nearly identical to the original complaint, as well as a supplement clarifying that their claims against the individual defendants are against those defendants in their official and individual capacities. (*Compare* ECF No. 1 *with* ECF No. 27 ("Am. Compl."); ECF No. 28 at 1.)

# ANALYSIS

## I.      State Sovereign Immunity

Judge Schultz recommends dismissing Plaintiffs' Section 1983 claims against the DOC and the individual defendants in their official capacities based on state sovereign immunity. (R&R at 7-8.) State immunity bars "the award of any retroactive relief for violations of federal law that would require payment of funds from a state treasury." *Skelton v. Henry*, 390 F.3d 614, 617 (8th Cir. 2004). Under the principles confirmed by the Eleventh Amendment, federal courts generally lack subject-matter jurisdiction over claims against an unconsenting state. *See Sossamon v. Texas*, 563 U.S. 277, 284 (2011) ("[F]ederal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'") (quotation omitted). Courts have held that the State of Minnesota is immune from suit under Section 1983. *E.g., Grover-Tsimi v. Minnesota*, 449 Fed. App'x 529, 530 (8th Cir. 2011) (per curiam).

Plaintiffs contend the Eleventh Amendment does not bar liability under Section 1983 for "local government units which are not considered part of the state for Eleventh Amendment purposes." (Obj. at 14.) But the DOC is considered a state agency for purposes of Eleventh Amendment immunity.[1] *Upsher v. Roy*, No. 19-CV-1805

---

[1] Plaintiffs assert that Section 1983 applies to the individual officer defendants, (Obj. at 12, 14), but "a suit against state employees in their official capacities is the functional

(MJD/HB), 2020 WL 2527108, at *3 (D. Minn. Apr. 15, 2020), *report and recommendation adopted*, 2020 WL 2526498 (D. Minn. May 18, 2020); *Carter v. CWF Sols., LLC*, No. 09-CV-16 (JMR/FLN), 2009 WL 512482, at *2 (D. Minn. Feb. 27, 2009). Thus, Eleventh Amendment immunity bars Plaintiffs' Section 1983 claims against the state, *i.e.*, the DOC and the individual defendants in their official capacities.

Plaintiffs argue that the Court should not dismiss the DOC because an authorized representative and employee of the DOC consented to this action. (Obj. at 10–12.) "[A] state official may waive the state's immunity only where specifically authorized to do so by that state's constitution, statutes, or decisions." *Santee Sioux Tribe of Neb. v. Nebraska*, 121 F.3d 427, 431 (8th Cir. 1997); *see Roberts v. Source for Pub. Data*, No. 08-4167-CV-C-NKL, 2011 WL 1254099, at *6 (W.D. Mo. Mar. 31, 2011) ("[O]nly the State—or a State actor so empowered—can waive the State's Eleventh Amendment immunity.").

Plaintiffs contend that they "reviewed the complaint with Sgt. Gwen Brausen before she ultimately notarized documents . . . . Defendant Brausen said 'I will have to read and consent to this lawsuit since it is against the Minnesota Department of Corrections.'" (Obj. at 10–11.) Assuming Brausen made this statement,[2] this Court is not

---

equivalent of a suit against the State." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

[2] The Minnesota Notary Acknowledgements attached to the Amended Complaint state that Brausen is a notary public with the title of "correction officer." (Am. Compl. at 27–28.) While Plaintiffs offer no proof of Brausen's statement about consent, they contend that Brausen's answers to their interrogatories and "the video of the Plaintiffs and

aware of any provision in Minnesota's constitution or statutes—or any other legal authority—establishing that a DOC correction officer has the power to waive the State of Minnesota's sovereign immunity. *Cf. Santee Sioux Tribe*, 121 F.3d at 432 (holding plaintiff "failed to demonstrate that waiver of the state's Eleventh Amendment immunity is within the authority of Nebraska's attorney general"); *Union Elec. Co. v. Mo. Dep't of Conservation*, 366 F.3d 655, 660 (8th Cir. 2004) (explaining that Missouri's "Attorney General *could* waive the state's Eleventh Amendment immunity" because state law authorized Missouri's attorney general to institute, on behalf of the state, "all civil suits and other proceedings at law or in equity") (emphasis in original).

Moreover, although a state may voluntarily waive immunity from federal suit by making a "clear declaration" that it intends to submit itself to federal jurisdiction, the test for waiver is "a stringent one." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675, 675–76 (1999) (quotation omitted); *see id.* at 676 (noting a state's "consent to suit must be 'unequivocally expressed'") (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)). Courts are to "indulge every reasonable presumption against waiver." *Id.* at 682. Thus, a state does not waive that immunity merely "by stating its intention to sue or be sued or even by authorizing suits against it

---

Defendant [presumably, Brausen] consenting after review shall provide evidence relevant to this argument." (Obj. at 11–12.)

in any court of competent jurisdiction." *Quinnett v. Iowa*, 644 F.3d 630, 632–33 (8th Cir. 2011) (quotation omitted).

Given the stringent standard for a state to waive sovereign immunity, the Court finds that even if Sergeant Brausen had the authority to waive state sovereign immunity (and she does not), her alleged statement that "[*she* would] have to read and consent to this lawsuit since it is against the Minnesota Department of Corrections," is not enough to allow for waiver of the DOC's immunity from suit in federal court. (Obj. at 11 (emphasis added)); *cf. Reeder v. Carroll*, No. 09-CV-4013-LRR, 2010 WL 797136, at *3 (N.D. Iowa Mar. 5, 2010) (holding that the Iowa Board of Medical Examiners did not waive its Eleventh Amendment immunity by suggesting in a newspaper article that it might intervene in a federal lawsuit).

## II.   Remaining Aspects of the R&R

The Court has reviewed for clear error the remaining aspects of the R&R to which Plaintiffs have not specifically objected. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Finding no clear error in those findings and conclusions, and following a *de novo* review of the aspects of the R&R to which Plaintiffs object, the Court accepts the R&R.

## CONCLUSION

IT IS HEREBY ORDERED THAT:

1.  Plaintiffs' objection (ECF No. 42) is OVERRULED;

2.  The Report and Recommendation (ECF No. 40) is ACCEPTED;

3.  Plaintiffs' claims against the Minnesota Department of Corrections are DISMISSED without prejudice, and the Minnesota Department of Corrections is DISMISSED from this action;

4.  Plaintiffs' claims against the individual Defendants in their official capacities are DISMISSED without prejudice; and

5.  Plaintiffs' claims against Defendant "Officer J. Lehner" are DISMISSED without prejudice, and Lehner is DISMISSED from this action.

Dated: April 27, 2021                     BY THE COURT:

                                          s/Nancy E. Brasel
                                          Nancy E. Brasel
                                          United States District Judge