UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Khalil Billups and Adam R. Hageman, | Civil File No. 19-cv-2581 (NEB/DTS) |
| Plaintiffs, | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| Minnesota Department of Corrections, Lt. J. Rykken, Lt. Engeldinger, Lt. Baird, Sgt. G. Brausen, Officer Fleck, Officer B. Hudek, Officer Matthew Kotaska, Officer Tyler Haugen, Officer Christopher Fadling, Officer Zachariah Frank, Officer J. Elmore, Officer J. Lehner, Officer Anderson, Officer Zencius, Officer S. Mielke, Warden Miles, and AWO Carol Krippner, | |
| Defendants.[1] | |

Plaintiffs Khalil Billups and Adam Hageman filed this Section 1983 action alleging that the Minnesota Department of Corrections (DOC) and DOC defendants Jay Rykken, Todd Engeldinger, Brant Baird, Gwen Brausen, Ross Fleck, Ben Hudek, Matthew Kotaska, Tyler Haugen, Christopher Fadling, Zachariah Frank, Jason Elmore, Joseph Lehner, Sean Anderson, Grace Zencius, Shawnee Mielke, Eddie Miles, and Carol Krippner in their

---

[1] Lt. Rykken's first name is Jay, Lt. Engeldinger's first name is Todd, Lt. Baird's first name is Brant, Sgt. Brausen's first name is Gwen, Officer Fleck's first name is Ross, Officer Hudek's first name is Ben, Officer Elmore's first name is Jason, Officer Lehner's first name is Joseph, Officer Anderson's first name is Sean, Officer Zencius's first name is Grace, Officer Mielke's first name is Shawnee, and Warden Miles's first name is Eddie.

official and individual capacities, violated their constitutional rights. (Doc. Nos. 27-28.) Accordingly, Billups and Hageman are seeking $14.8 million in damages. (Doc. 27 at 23.) After initially screening the complaint pursuant to 28 U.S.C. Section 1915(e)(2)(B), the Court dismissed the DOC, all the defendants in their official capacities, and defendant Lehner is his individual capacity from this action. (Doc. No. 51.) The Court should now dismiss the remainder of the complaint because it fails: 1) to meet the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure; 2) to state a valid claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and 3) to adequately allege the defendants' direct and personal involvement in the alleged unconstitutional conduct. Additionally, irrespective of the foregoing, the defendants are entitled to qualified immunity.

## FACTS

In August 2019, Billups was convicted of second-degree criminal sexual conduct and committed to the custody of the DOC for 36 months. *See State v. Billups*, Blue Earth Cty., No. 07-CR-15-1801. In December 2020, the DOC released Billups from prison, and he is currently serving his criminal sentence in the community.[2] In October 2019, Hageman was convicted of second-degree assault and possession of a firearm and committed to the custody of the DOC for 57 and 60 months, respectively and concurrently. *See State v. Hageman*, Morrison Cty., No. 49-CR-16-1124. Hageman currently resides at

---

[2] Billups's current release status is publicly available at the DOC Offender Locator found at: https://coms.doc.state.mn.us/publicviewer/OffenderDetails/Index/260067 (last visited May 3, 2021).

the Minnesota Correctional Facility-Lino Lakes.[3] In their amended complaint and supplement, Billups and Hageman made various allegations related to their time at the Minnesota Correctional Facility-St. Cloud (MCF-SCL). (Doc. Nos. 27-28.) The allegations can be generally organized into three categories: 1) Hageman's transfer to MCF-SCL's segregation unit; 2) Hageman's purported need for medical assistance; and 3) alleged administrative barriers Billups and Hageman faced while preparing the instant lawsuit. (*Id.*)

*Hageman's Segregation-Unit Allegations*

Billups and Hageman allege that on September 16, 2019, while Hageman was studying his Bible in his cell at MCF-SLC, he was forcibly taken to the segregation unit by "several defendants." (Doc. 27 at 4.)[4] They allege that while escorting Hageman to the segregation unit, five DOC employees assaulted Hageman by "lifting by the handcuffs chain" and causing an injury to Hageman's wrist. (*Id.* at 5.) Billups and Hageman further assert in their supplemental document that defendants Engledinger, Fleck, Kotaska, Haugen, Fadling, Frank, Elmore, and Mielke were involved in the handcuff incident and that defendants Engledinger, Baird, Rykken, and Elmore failed to protect him. (Doc. 28 at 1-2.)

---

[3] Hageman's incarceration status is publicly available at the DOC Offender Locator found at: https://coms.doc.state.mn.us/publicviewer/OffenderDetails/Index/251041 (last visited May 3, 2021).
[4] References to the amended complaint (Doc. 27) and the supplement (Doc. 28) are to page numbers.

Next, Billups and Hageman allege that when Hageman arrived in the segregation unit, unnamed officers "proceeded to rip and cut [his] clothes off him and threw him naked into a freezing 'quiet cell.'" (*Id.* at 2.) Hageman also claims that there was an "unknown offender's blood all over the wall, floor and in the sink" in one of the segregation cells. (Doc. 27 at 7; Doc. 28 at 1.) According to Hageman he was "shackled and hand cuffed" in his segregation cell and when he requested his Bible, he did not receive it. (Doc. 27 at 6, 8.) Hageman alleges he returned to his original cell in general population on September 18, two days after being placed in the segregation unit. (*Id.* at 10.)

*Hageman's Medical Allegations*

According to Hageman, DOC staff did not appropriately attend to his alleged wrist injury. (*Id*. at 15.) Specifically, Hageman claims that medical staff examined his wrist, put his wrist in a splint, but did not photograph his purported injury as he requested. (*Id.* at 7, 9, 15.) He also suggests dissatisfaction with the pain medication defendants allegedly prescribed him. (*Id.* at 15.)

*Billups and Hageman's Access-to-Courts Allegations*

Billups and Hageman claim they brought documents pertaining to the instant lawsuit to defendant Brausen to be notarized and Brausen refused. (*Id.* at 20.) Billups also alleges that he asked defendants Baird, Krippner, and Engledinger for a Section 1983 civil coversheet and that Baird responded that he "did not know what item [he was] asking for." (Doc. 28 at 2.)

# ARGUMENT

## I. STANDARD OF REVIEW.

When considering whether to grant a motion to dismiss for failure to state a claim upon which relief can be granted, the court must determine whether the complaint contains sufficient factual allegations, taken as true, to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And although pro se complaints are construed liberally, such complaints still must contain sufficient facts to state a claim as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Mere conclusory allegations are not enough. *Springdale Educ. Ass' n v. Springdale School Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). Similarly, although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II. BILLUPS AND HAGEMAN'S CLAIMS FAIL AS A MATTER OF LAW.

Billups and Hageman's claims fail as a matter of law for three reasons. First, the complaint fails to meet Rule 8 pleading requirements. Next, Billups and Hageman fail to allege facts which state a claim upon which relief can be granted. And finally, they fail to plead facts that show the defendants had the requisite personal involvement needed under Section 1983.

### A. Billups and Hageman Failed to Meet Rule 8 Federal Pleading Requirements.

The purpose of Rule 8 is to provide defendants with fair notice of a plaintiff's claim along with the grounds for the claim. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

551 U.S. 308, 319 (2007). Though Billups and Hageman identified a myriad of alleged unconstitutional conduct, they did not identify which defendant's conduct violated which of their constitutional rights. In total they appear to allege eleven legal claims against seventeen individual defendants, and with the limited exception of the allegation that defendant Brausen failed to notarize a document, Billups and Hageman failed to specify which defendant is purportedly responsible for the acts alleged in the complaint. In the few instances where the defendants are named, it is unclear what the individual defendants' roles were in the purported unconstitutional acts.

This Court has consistently found this sort of "kitchen-sink pleading" improper under Rule 8. *See Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."); *Tully v. Bank of America, N.A.*, No. 10-cv-4734 (DFW/JSM), 2011 WL 1882665, at *6 (D. Minn. May 17, 2011) (complaint did not "specify which claims are asserted against any particular defendant, or which specific claims each Plaintiff is asserting" leaving the Court "to guess which Plaintiffs are asserting which claims against which Defendants"). For Billups and Hageman to state valid claims they must "set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated [their] federal constitutional rights." *Johnson v. Minn. Dep't of Corrs.*, No. 12-cv-784 (PAM/JSM), 2012 WL 2050246, at *3 (D. Minn. May 15, 2012). They fail to do so.

For instance, the supplement alleges the following: "Vicarious liability by Minnesota Department of Corrections for the above-describes [sic] conduct of its employees and common law battery by Lt. Engledinger, Officer Fleck, Matthew Kotaska, Tyler Haugen, Christopher Fadling, Zachariah Frank, Officer J. Elmore, and Officer S. Mielke." (Doc. 28 at 1.) Assuming this is an allegation that these defendants were involved in the alleged "lifting by the handcuffs chain" incident, the allegation does not specify *how* each of the named defendants were involved. The supplement also alleges that, "Lt. Engledinger, Lt. Baird, Lt. J. Rykken and Sgt. J. Elmore all had a subjectively culpable state of mind and all failed to protect [Hageman]." (*Id.* at 2.) Similarly, this allegation fails to specify *what* the named defendants failed to protect Hageman from or how they were involved in any alleged deprivation of Billups or Hageman's constitutional rights. Finally, the supplement alleges that Billups was "denied access to legal documents" by defendants Baird, Krippner, and Engledinger. (*Id.* at 1.) Here there is no specific allegation against defendants Krippner and Engledinger, and only a thin allegation against defendant Baird; namely that when Billups requested a Section 1983 civil coversheet, Baird allegedly responded that he "did not know what item [Billups was] asking for." (*Id.*)

And although Billups and Hageman are pro se litigants, and pro se complaints are construed liberally, they still must comply with the Federal Rules of Civil Procedure and provide specific allegations to support their claims. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *See also Am. Inmate Paralegal Ass'n v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988) (pro se parties "not excused from complying" with rules); *United States ex rel. Ellis v. City of Minneapolis*,

No. 11-cv-416 (PJS/TNL), 2012 WL 6652885, at *2 (D. Minn. Dec. 21, 2012) ("The Federal Rules of Civil Procedure apply to pro se litigants."). Therefore, because Billups and Hageman's complaint and supplement failed to meet the Rule 8 pleading requirements, the Court should dismiss their action in its entirety.

### B. Billups and Hageman Failed to State Cognizable Claims.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allow defendants to assert, as a defense to a claim, that a plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint contains sufficient factual allegations, taken as true, to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Just as Billups and Hageman's complaint fails to meet the Rule 8 pleading requirements, it similarly fails to allege facts that state a valid claim for relief.

#### 1. The complaint failed to state a First Amendment Free Exercise Claim.

Billups and Hageman allege that the defendants violated their "First Amendment Rights to Religious Freedom and Free Speech." (Doc. No. 28 at 1.) Yet, they failed to state a valid First Amendment claim because they do not assert any facts that suggest there was a substantial burden on their sincerely held religious beliefs. At most, they allege that Hageman was without a Bible during his two-day stay in the MCF-SCL segregation unit.

Although inmates retain First Amendment protections, including the free exercise of religion, the right is not unlimited. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). An inmate's exercise of his religion may be regulated if the regulation is

8

reasonably related to a penological interest. *Id.*; *Turner v. Safely*, 482 U.S. 78, 89 (1987). The Eighth Circuit, however, only requires a *Turner* analysis if an inmate first establishes that there is a substantial burden to a sincerely held religious belief. *Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1053 (8th Cir. 2020); *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 833 (8th Cir. 2009); *See also Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997) ("As an initial matter, a person claiming that a governmental policy or action violates his right to exercise his religion freely must establish the action substantially burdens his sincerely held religious belief."). Billups and Hageman fail to allege facts that even suggest a substantial burden. To be a substantial burden, a prison regulation or policy must: 1) significantly impact conduct or expression that demonstrates a central tenet of an inmate's individual religious beliefs; 2) meaningfully restrict an inmate's ability to adhere to his faith; or 3) deny an inmate reasonable opportunity to engage in activities that are fundamental to his religion. *Mbonyunkiza*, 956 F.3d at 1053. Billups and Hageman simply allege that during a relatively short stay in segregation, Hageman was without his Bible. They do not allege that his short period without his Bible impacted Hageman's expression of his faith, restricted his ability to adhere to his faith, or otherwise denied him an opportunity to practice his faith.

Finally, it is worth noting that the Free Exercise Clause is aimed at legislative action, stating that "Congress shall make no law . . . prohibiting the free exercise [of religion]," and not at occasional executive-agency conduct. *See Mbonyunkiza* at 1054. Taking Billups and Hageman's allegations as true, at most the defendants did not fulfill Hagman's request

9

to retrieve his Bible while he was in segregation, there is no indication that this conduct sprung from any legislative action or a DOC policy or practice based on legislative action.

### 2. The complaint failed to state a retaliation or conspiracy claim.

Billups and Hageman's complaint fails to allege any facts that establish that the defendants imposed discipline in retaliation for Billups or Hageman exercising their constitutionally protected rights. To adequately plead a claim of First Amendment retaliation, Billups and Hageman must allege facts that show: 1) that they were exercising a protected constitutional right; 2) that the defendants took adverse action toward them that would chill a person of ordinary firmness from continuing to exercise that right; and 3) that it was their exercise of that constitutional right that was the motive for the adverse action and that the adverse action would not have been taken absent the retaliatory motive. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019); *Saylor v. Nebraska*, 812 F.3d 637, 645-46 (8th Cir. 2016).

Additionally, to plead a successful retaliation claim, Billups and Hageman must allege a causal connection between the defendants' alleged retaliatory animus and their purported subsequent injury. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 481 (8th Cir. 2010); *see also Murphy v. Missouri Dep't of Corr.*, 769 F.2d 502, 503 n.1 (8th Cir. 1985) (recognizing that offender has substantial burden of showing retaliation was actual motivating factor for adverse action); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (affirming dismissal of offender's retaliatory-transfer claim when retaliation allegations were "speculative and conclusory"). There are no allegations in the complaint or supplement that hint at the plausible conclusion that the defendants

transferred Hageman to the MCF-SCL segregation unit because Billups and Hageman were exercising their First Amendment right of religious expression. Billups and Hageman fail to establish any causal connection beyond mere speculation.

Similarly, Billups and Hageman did not adequately plead a conspiracy claim. To adequately state a Section 1983 conspiracy claim, they needed to allege: 1) that the defendants conspired to deprive them of their constitutional rights; 2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the alleged conspiracy; and 3) that the overt act injured Billups and Hageman. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). The first element "requires allegations of specific facts tending to show 'meeting of the minds' among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010). There is not one allegation in the complaint or supplement that suggests the defendants had any such "meeting of the minds." The claim is too bald to meet the first of the three required elements of a conspiracy claim and therefore cannot survive the defendants' motion to dismiss.

### 3. The complaint failed to state a due process claim.

Billups and Hageman's due process claims fail because they do not state what protected liberty interest or fundamental right was allegedly implicated by the defendants' purported conduct. First, establishing a procedural due process claim requires a protected liberty or property interest that a government entity failed to adequately protect through its procedures. *Bd. Of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-70 (1972); *Schmidt v. Des Moines Pub. Schs.*, 655 F.3d 811, 817–18 (8th Cir. 2011). In the prison context, interests protected by the due process clause are generally limited to freedom from restraint

11

that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-85 (1985); *see also Moorman v. Thalacker*, 83 F.3d 970, 972 (8th Cir. 1996). To the extent that Hageman alleges that his time in segregation violated his due process rights, placement in disciplinary segregation, even without cause, is not considered an atypical and significant hardship. *Orr v. Larkins*, 610 F.3d 1031, 1034 (8th Cir. 2010); *Philips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002). Indeed, it is the inmate's burden to plead sufficient facts to make a threshold showing that the disciplinary segregation imposed such a hardship. *Portley-El*, 288 F.3d at 1065-66. Accordingly, no allegations in the complaint and supplement implicate Billups or Hageman's procedural due process rights.[5]

Similarly, to the extent they bring a substantive due process claim, it also fails. A plaintiff raising a substantive due process claim has the burden of demonstrating that the government action in question infringes upon a fundamental right and is so severe as to shock the conscience. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998); *Slusarchuk v. Hoff*, 346 F.3d 1178, 1181-82 (8th Cir. 2003). Billups and Hageman fail to articulate what fundamental right they believe was implicated by the defendants' conduct.

---

[5] Although it is not clear, Billups and Hageman may be asserting a procedural due process claim involving Hageman's transfer to the Minnesota Correctional Facility-Stillwater. To the extent they are asserting this claim, it fails immediately because "[a] prisoner enjoys no constitutional right to remain in a particular institution" and "prison officials may transfer a prisoner for whatever reason or for no reason at all." *Goff v. Burton,* 7 F.3d 734, 737 (8th Cir. 1993).

A fundamental right is a right "deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 703 (1997). Historically, fundamental rights have included the right to marry, to have children, to direct one's children's upbringing, to marital privacy, and to abortion. *Washington*, 521 U.S. at 720. Fundamental rights are therefore limited, and courts are reluctant to expand the concept of substantive due process. *Collins v. City of Harker Heights,* 503 U.S. 115, 125 (1992). When claiming a substantive due process violation, the claimed right must be described with specificity and overgeneralization must be avoided. *Washington*, 521 U.S. at 720-23. It is unclear if Billups and Hageman are asserting a substantive due process claim, but if so, the fundamental right at issue is undistinguishable.

Because it is unclear from the face of their complaint what fundamental right Billups and Hageman allege is at issue, the substantive due process inquiry can simply stop there. But even if Billups and Hageman did adequately allege an implicated fundamental right, they still must allege facts that show that the conduct was so severe it shocked the conscience. *Lewis*, 523 U.S. at 846-47; *Slusarchuk*, 346 F.3d at 1181-82. In showing that the defendants' conduct shocked the conscience, Billups and Hageman must plead allegations that could establish that the conduct was, "truly irrational," "something more than…arbitrary, capricious, or in violation of state law." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). Their allegations do not rise to level of "truly irrational," but even if they did, Billups and Hageman still must allege facts showing that the defendants acted with the requisite intent or at a minimum, deliberate indifference, when engaging in conscience-shocking behavior. *Terrell v. Larson*, 396 F.3d 975, 978

13

(8th Cir. 2005). The intent required depends on the circumstances surrounding the official's action. *Id.* Considering most of the allegations in the complaint and supplement are not tied to any specific defendant, Billups and Hagman are unable to overcome this last hurdle and adequately allege that the defendants were deliberately indifferent or acted with intent. The theory of substantive due process is reserved for truly egregious cases. *Sitzes v. City of West Memphis Ark.*, 606 F.3d 461, 467 (8th Cir. 2010). The allegations in the complaint do not amount to truly egregious conduct.

### 4. The complaint failed to state an access-to-courts claim.

Billups and Hageman do not sufficiently allege an access-to-courts claim. To do so they must allege facts that show that the defendants intentionally restricted their court access. *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005). And they must plausibly assert that the defendants' conduct prevented them from litigating a claim as opposed to simply making litigation less convenient. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). First, Billups and Hageman claim they brought documents pertaining to the instant lawsuit to defendant Brausen to be notarized and Brausen refused. There is no indication, however, that Billups or Hageman were prevented from filing documents in the instant case. In fact, they filed two documents entitled, *Minnesota Notary Acknowledgment*, with defendant Brausen's signature and notary stamp affixed. (Doc. 27 at 27-28.) The only other allegation involving access-to-courts is that Billups purportedly asked defendants Baird, Krippner, and Engledinger for a section 1983 civil coversheet and that Baird responded that he "did not know what item [he was] asking for." Even taken as

14

true, this allegation does not suggest Baird interfered with Billups and Hageman's ability to file any lawsuit, including the instant one.

### 5. The complaint failed to state a medical malpractice or an Eighth Amendment claim.

Billups and Hageman allege that the defendants committed medical malpractice and violated Hageman's Eighth Amendment rights while Hageman was in the MCF-SCL segregation unit. First, they claim that the defendants injured Hageman's wrist while either escorting him to the segregation until or while he was residing in the unit and that Hageman was denied adequate medical care. More specifically, they assert that medical staff examined his wrist but did not photograph his purported injury as he requested, and that Hageman was dissatisfied with the pain medication he was allegedly prescribed.

As a threshold matter, allegations that a medical professional was negligent in diagnosing or treating a medical condition does not state a claim for medical malpractice under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Mbonyunkiza*, 956 F.3d at 1054. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*.

To state a cognizable claim that the defendants were deliberately indifferent to Hageman's medical needs, the complaint must allege facts to show that the defendants were objectively and subjectively deliberately indifferent to his medical needs. *Scott v. Benson*, 742 F.3d 335 (8th Cir. 2014). In other words, Billups and Hageman must allege facts under the objective prong that shows Hageman suffered from an "objectively serious medical need." *Id*. at 339-40. The complaint states that medical staff examined his wrist,

put his wrist in a splint, but did not photograph his purported injury as he requested. Hageman further claims he was dissatisfied with the pain medication he was allegedly prescribed for his purported injury. Even assuming Billups and Hageman satisfied the objective prong, the allegations fall short when analyzed under the subjective prong. Under the subjective prong, Billups and Hageman must plead enough facts to show that the defendants knew, but deliberately disregarded Hageman's serious medical needs. *Id.* Billups and Hageman allege no such thing.

Next, Billups and Hageman failed to allege facts that state a failure-to-protect claim. A cognizable failure-to-protect claim requires allegations showing that: 1) the defendants knew of facts from which they could infer the existence of a substantial risk of harm to Hageman; 2) the defendants drew the inference; and 3) the defendants failed to take reasonable steps to protect Hageman. *Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994); *Schofield v. Hopkins*, 491 Fed.Appx. 772, 774 (8th Cir. 1994). As discussed above, the complaint and supplement fail to specify *what* the named defendants failed to protect Hageman from. The complaint is simply too bare to meet any of the three elements of a failure-to-protect claim, never mind all three required to state a cognizable claim.

Finally, Billups and Hageman allege that another offender's blood was inside a cell in the MCF-SCL segregation unit and that unnamed officers "proceeded to rip and cut [Hageman's] clothes off him and threw him naked into a freezing 'quiet cell.'" They claim that these alleged conditions amount to cruel and unusual punishment in violation of the Eighth Amendment. Conditions are cruel and unusual if they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347

16

(1981); *Whitnack v. Douglas Cty.*, 16 F.3d 954, 958 (8th Cir. 1994). Taking these allegations as true, along with the allegations that Hageman was returned to his general population cell just two days after his transfer to the segregation unit, there is nothing in the complaint and supplement that amounts to an Eighth Amendment violation. The Eighth Circuit has found that conditions more severe than the ones Hageman allegedly endured did not violate the Eighth Amendment. *See O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (inmate spending several days without underwear, blankets, or a mattress not an Eighth Amendment violation); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1994) (four days without clothes, mattress, bedding, water, or legal mail not an Eighth Amendment violation). Nothing in Billups and Hageman's complaint alleges that the defendants' alleged conduct deprived Hageman of a "minimal civilized measure of life's necessities."

### 6. The complaint failed to state a Fourth Amendment claim.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. The Fourth Amendment does, however, permit a range of conduct when searching an inmate and does not "require [that] officers use the least intrusive or less intrusive means to effectuate a search." *Story v. Foote*, 782 F.3d 968 (8th Cir. 2015). Billups and Hageman's only allegation involving their Fourth Amendment claim is that Hageman's strip search was "conducted unreasonably." This allegation is conclusory and does not allege enough to state a cognizable claim.

### C. Billups and Hageman Failed to Adequately Allege Direct and Personal Involvement.

Even if Billups and Hageman's complaint complied with Rule 8 and sufficiently alleged constitutional violations, the complaint fails to allege facts that show any of the defendants were directly involved in the purported unconstitutional conduct. Liability may be imposed under Section 1983 only with respect to state officials who are directly and personally involved in a deprivation of constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 376-77 (1976). A prison official's general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement necessary for individual liability. *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983). As discussed above, Billups and Hageman fail to allege enough facts to establish that any of the defendants were personally involved in the conduct Billups and Hageman claim violated their constitutional rights.

### III. THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Finally, turning to the doctrine of qualified immunity, a government officer cannot be held personally liable for discretionary acts unless those acts violate clearly established constitutional or statutory rights and the government officer would have reasonably known about those rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Carter v. Huterson*, 831 F.3d 1104, 1108 (8th Cir. 2016). Hence, a qualified-immunity analysis has two parts: (1) whether a government officer violated the plaintiff's rights; and (2) whether the right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). "Clearly established" means that the unlawfulness was apparent based on pre-existing law and the

government officer was on notice that his conduct was unlawful. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Qualified immunity applies to "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Billups and Hageman's complaint and supplement offer no facts to establish how the defendants directly violated their clearly established rights. As discussed in more detail above, Billups and Hageman's grievances are conclusory and grounded in speculation. They fail to connect their bald conclusions to specific allegations to adequately show that that any of the defendants were directly involved in a violation of their clearly established rights. Billups and Hageman state generally that the defendants violated the First, Fourth, Eighth, and Fourteenth Amendments, retaliated against them, while involved in a conspiracy. But they do not adequately explain, beyond blanket conclusory statements, which defendants were allegedly involved in what conduct. For these reasons, none of the defendants can be held liable for claims asserted in the complaint and supplement.

## CONCLUSION

Because Billups and Hageman fail to meet the Rule 8 pleading requirements, fail to state a claim upon which relief can be granted, fail to adequately allege Section 1983 personal involvement in the alleged unconstitutional conduct, and because the defendants are entitled to qualified immunity, the defendants respectfully request that the Court dismiss all claims against them with prejudice.

Dated:  May 4, 2021

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota


s/ Corinne Wright-MacLeod
CORINNE WRIGHT-MACLEOD
Assistant Attorney General
Atty. Reg. No. 0390353
445 Minnesota Street, Suite 1400
St. Paul, MN 55101-2131
(651) 757-1198 (Voice)
(651) 297-4139 (Fax)
corinne.wright-macleod@ag.state.mn.us

ATTORNEYS FOR DEFENDANTS
JAY RYKKEN, TODD ENGELDINGER, BRANT BAIRD, GWEN BRAUSEN, ROSS FLECK, BEN HUDEK, MATTHEW KOTASKA, TYLER HAUGEN, CHRISTOPHER FADLING, ZACHARIAH FRANK, JASON ELMORE, SEAN ANDERSON, GRACE ZENCIUS, SHAWNEE MIELKE, EDDIE MILES, AND CAROL KRIPPNER

|#4955262-v1