UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KHALIL BILLUPS and ADAM R. HAGEMAN, | Case No. 19-CV-2581 (NEB/DTS) |
| Plaintiffs, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| LT. JAY RYKKEN, LT. TODD ENGELDINGER, LT. BRANT BAIRD, SGT. GWEN BRAUSEN, OFFICER ROSS FLECK, OFFICER BEN HUDEK, OFFICER MATTHEW KOTASKA, OFFICER TYLER HAUGEN, OFFICER CHRISTOPHER FADLING, OFFICER ZACHARIAH FRANK, OFFICER JASON ELMORE, OFFICER SEAN ANDERSON, OFFICER GRACE ZENCIUS, OFFICER SHAWNEE MIELKE, WARDEN EDDIE MILES, and AWO CAROL KRIPPNER, | |
| Defendants. | |

---

Plaintiffs Khalil Billups and Adam Hageman bring various civil rights and conspiracy claims under 42 U.S.C. Section 1983 against sixteen Minnesota Department of Corrections employees ("Defendants") arising out of events at the Minnesota Correctional Facility at St. Cloud. Defendants move to dismiss for failure to state a claim. In a Report and Recommendation, United States Magistrate Judge David T. Schultz recommends that Defendants' motion to dismiss be granted. Plaintiffs make specific

objections to four claims discussed in the R&R, which the Court considers in turn. As to the other claims, the Court has reviewed them *de novo* and agrees with the R&R's thorough analysis of the claims.[1] As discussed below, the Court overrules Plaintiffs' four objections, accepts the R&R, and grants Defendants' motion to dismiss.

## BACKGROUND

The R&R details the facts and procedural history of the case, (ECF No. 65 ("R&R") at 2–8), which are undisputed. The Court briefly lays out the facts necessary to understand the motion's context.[2]

*Hageman's Segregation.* Minnesota Department of Corrections ("DOC") placed Hageman in administrative segregation to protect him from other inmates. (*Id.* at 4.) Hageman requested to bring his Bible and appellate documents to segregation; DOC never granted the request. (*Id.* at 4–5.) Hageman alleges that later, five DOC officers "assaulted him by lifting [him] by the handcuffs chain inflicting demonstrable bodily harm in the process of moving/escorting" him to administrative segregation.[3] (*Id.* at 4.)

---

[1] Although Billups remains a party to this lawsuit, Plaintiffs only object to Hageman's case. The Court includes Billups' claims in its *de novo* review of the R&R.

[2] In so doing, the Court cites the R&R and incorporates the citations it contains.

[3] The R&R notes that Plaintiffs' pleadings and opposition contradict themselves about which DOC officers used force on Hageman and which officers failed to act. (R&R at 14–16.) Although Hageman's objections seek to resolve the contradiction, (ECF No. 66 at 26–27), it need not be resolved. Even accepting Hageman's allegations as true, he has not stated a claim.

As a result, Hageman's right thumb and index finger were cut, and his wrist was broken. (*Id.*) Beyond his injuries, Hageman alleges that his segregation was retaliatory. (*See* ECF No. 27 at 11 ("Mr. Hageman had been retaliated against and religiously discriminated against."); ECF No. 28 at 1 ("Defendants engaged in retaliatory behavior and said behavior was a direct result of a conspiracy . . . .").) When Hageman reached the segregation cell, blood covered the wall, floor, sink, and toilet. (R&R at 5.) After arriving in administrative segregation, medical staff gave Hageman pain medication, provided him with a splint cast, and ordered x-rays. (*Id.*) Hageman stayed in administrative segregation for three days. (*Id.* at 4–5.) He alleges that he sought additional medical care but received none. (*Id.* at 6.)

## ANALYSIS

### I.      Legal Standard

The Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the complaint to be true and makes all reasonable inferences from those facts in the light most favorable to the plaintiff. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "'[T]hreadbare recitations of the elements of a cause of action supported by mere conclusory statements' are not entitled to a presumption of truth" when considering a Rule 12(b)(6) motion. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court's determination of whether a plaintiff has met this standard is "context-specific" and requires it to "draw on its judicial experience and common sense." *Id.* (citation omitted). Although the Court construes *pro se* complaints liberally, *pro se* litigants must still allege "sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). In short, this standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.     Hageman's Objections

The Court previously dismissed several of Hageman's claims, including official-capacity claims against the DOC and individual defendants. (ECF No. 51.) Now, only Hageman's individual-capacity Section 1983 claims remain. The Court considers each alleged constitutional violation in turn.

### A. First Amendment Claims

Hageman contends that Defendants removed him from his cell while he was studying his Bible and that this removal violated the Free Exercise Clause and retaliation for exercising his religious liberty rights.[4]

*Free Exercise.* To state a Section 1983 claim for violating the Free Exercise clause, Hageman must make non-speculative factual allegations that Defendants separated Hageman from his Bible because of a prison regulation or policy.[5] *Mbonyunkiza*, 956 F.3d at 1055. The regulation or policy must substantially burden a sincerely held religious belief. *Id.* at 1053–54. Hageman does not allege that Defendants' actions were under an official regulation or policy nor that there was a "substantial burden" placed on his religious beliefs. Thus, he has not stated a claim for violating the Free Exercise Clause.

*Retaliation.* On the retaliation claim, Hageman contends that the Court cannot dismiss the claim without observing witness testimony. The Court need not observe witness testimony before considering a motion to dismiss. On a motion to dismiss, the Court makes all reasonable inferences from the facts of Plaintiffs' pleadings. *Braden*, 588

---

[4] In his objection, Hageman also raises a freedom of speech claim for the first time. The Court treats this as a motion to amend the complaint. *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Because Hageman provides no factual allegations to support this new claim, the motion to amend is denied as it is futile; that is, it would not survive a motion to dismiss under Rule 12(b)(6).

[5] Evidence of pervasive "mistakes" can support a "de facto policy of ignoring or deviating from its free-exercise-compliant policies." *Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1055 (8th Cir. 2020). Hageman presents no such evidence here.

F.3d at 594. And the Court's decision is limited to these pleadings. *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015).

Nor has Hageman stated a retaliation claim. For a First Amendment retaliation claim, Hageman must prove that "(1) he engaged in a protected activity, (2) [the DOC or its employees] took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020) (citation omitted). Even assuming Hageman has adequately alleged that he was engaged in a protected activity, he has not pled sufficient facts for the remaining retaliation elements. For example, Hageman has not pled facts sufficient to show that Defendants took an adverse action against him motivated by his exercise of the protected activity. *See Williams v. Stewart*, 476 F. App'x 105, 106 (8th Cir. 2012) (affirming that conclusory allegations of retaliation elements fail to state a claim) (citations omitted). Hageman has failed to state a claim for retaliation.

 B. *Eighth Amendment Claims from Hageman's Removal*

*Excessive Force.* Hageman alleges Defendants violated his Eighth Amendment right by using excessive force while removing him from his cell. The key inquiry on an excessive force claim is whether DOC officers applied force "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017) (citing *Hudson v. McMillian*, 503 U.S. 1, 6–7

6

(1992)). Courts should be highly deferential to prison administrators in the execution of policies necessary "to preserve internal order and discipline and to maintain institutional security." *Id.* (quotation marks and citation omitted). Hageman does not dispute that he was initially segregated for his safety, which is an authorized method of safeguarding Hageman and maintaining institutional security. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). His argument—that the malicious and sadistic motivations for Defendants' use of force should be inferred—is not supported by any alleged facts. *Burns v. Eaton*, 752 F.3d 1136, 1139 (8th Cir. 2014). Hageman fails to state a claim for excessive force.

*Failure to Protect.* On the failure to protect claim, Hageman alleges that the rank of defendants Baird, Rykken, Engeldinger, and Elmore ("Supervising Officers") created a duty to intervene when excessive force was used. To survive a motion to dismiss, Hageman must make factual allegations to show (1) an obvious and substantial risk to Hageman's safety such that the Supervising Officers knew or "must have known" about the safety risk and (2) that the Supervising Officers were deliberately indifferent to that risk. *Blair v. Bowersox*, 929 F.3d 981, 987 (8th Cir. 2019) (citation omitted). Hageman makes only conclusory allegations that the Supervising Officers knew about a risk to his safety because of their rank. Without sufficient factual allegations to show that the Supervising Officers knew about the objective, substantial risk of harm to Hageman from being lifted by his handcuff chain, Hageman's failure to protect claim cannot survive, and is therefore dismissed.

*Medical Care*. The Eighth Amendment requires that the DOC provide Hageman with medical care and not be deliberately indifferent to his serious medical needs. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 532 (8th Cir. 2009). To meet the deliberate indifference standard, Hageman must sufficiently allege grossly inappropriate medical treatment or intentional maltreatment. *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021) (citation omitted).

As pled in the complaint, Hageman's treatment meets the degree of medical care guaranteed by the Eighth Amendment. Hageman has no constitutional right to be timely examined by the doctor of his choosing. *See id.* ("[I]nmates have no constitutional right to receive a particular or requested course of treatment . . . .") (quotation marks and citation omitted); *Triplett v. Palmer*, 592 F. App'x 534, 536 (8th Cir. 2015) (failing to schedule a timely examination by a specialist requested by plaintiff was not deliberate indifference). Although he believes that a doctor did not examine him soon enough, Hageman's difference of opinion from prison medical staff about the appropriate medical treatment does not constitute an Eighth Amendment violation. *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008). And though Hageman thinks a doctor should have given him a cast, rather than a splint, "disagreement with treatment decisions" does not "approach criminal recklessness" required to prevail on his deliberate indifference claim. *East v. Minnehaha Cty.*, 986 F.3d 816, 821 (8th Cir. 2021) (quotation marks and citations omitted).

Hageman has failed to state a claim for unconstitutional medical care, and his medical care claims are dismissed.

### C. *Segregation Cell Conditions*

Hageman alleges that the conditions of his segregation cell amount to constitutional violations. The Court analyzes Hageman's objections under the Eighth and Fourteenth Amendments.

While in segregation, Hageman alleges that he had an open wound and was exposed to another person's blood. This condition may have exposed him to disease. The Eighth Amendment guarantees Hageman reasonably sanitary conditions. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (citation omitted); *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990) (collecting cases). The Court must consider the totality of the circumstances, including the length of exposure, in evaluating whether an Eighth Amendment violation occurred. *Morris v. Zefferi*, 601 F.3d 805, 810 (8th Cir. 2010). Hageman's allegations do not show that his three days of exposure to unsanitary conditions posed a substantial risk of serious harm. *See Beaulieu*, 690 F.3d at 1045 ("Conditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months.") (citation omitted). Hageman's Eighth Amendment claims arising from his segregation cell conditions fail to state a claim and are dismissed.

For his Fourteenth Amendment due process claims, Hageman must show (1) a deprivation of a liberty or property interest entitled to due process protection and (2) that

9

the procedures followed by Defendants were constitutionally insufficient. *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016). Hageman's claim can only survive dismissal if he shows some atypical and significant difference between his new conditions in segregation and the conditions in the general population, thus asserting a liberty interest. *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020). The Eighth Circuit has consistently held that administrative and disciplinary segregations, even without cause, are not atypical and significant hardships. *Id.*

At the outset, Hageman does not make sufficient factual allegations that the conditions of the segregation cell are atypical and impose a significant hardship in relation to non-segregation cells. *See Keel v. Dovey*, 459 F. Supp. 2d 946, 955 (C.D. Cal. 2006) (granting summary judgment for defendants on similar grounds). Even assuming the sanitary conditions of the segregation cell are different from non-segregation cells, the totality of Hageman's experience does not amount to an atypical and significant hardship. *See Est. of DiMarco v. Wyoming Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007) (discussing relevant factors to analyze cell conditions in the due process context, such as if the conditions are extreme and the duration of exposure to such conditions). Hageman does not establish a liberty interest protected by due process, so his procedural and substantive due process claims arising out of his segregation cell conditions fail to state a claim and are dismissed.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' objection to the Report and Recommendation (ECF No. 66) is OVERRULED;

2. The Report and Recommendation (ECF No. 65) is ACCEPTED;

3. The motion to dismiss (ECF No. 52) is GRANTED; and

4. The action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: March 21, 2022               BY THE COURT:

                                    s/Nancy E. Brasel
                                    Nancy E. Brasel
                                    United States District Judge