UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM R. HAGEMAN, | Case No. 19-CV-2581 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| LT. J. RYKKEN et al., | |
| Defendants. | |

After a dispute with another inmate, correctional officers transferred Adam Hageman to a segregation cell. Six years after he filed his complaint, only an Eighth Amendment excessive force claim remains. In a Report and Recommendation, United States Magistrate Judge David T. Schultz recommended granting Defendants' motion for summary judgment. (ECF No. 156 ("R&R").) Hageman objected to the R&R. (ECF No. 157.) The Court reviews de novo those portions of the R&R to which Hageman objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). For the reasons below, the Court accepts the R&R and overrules Hageman's objections.

## BACKGROUND

The R&R explains the relevant factual history of the case. (R&R at 1–3.) In short, correctional officers transferred Hageman from one cell to another. (*Id.* at 1–2.) Four security cameras captured the interaction. (*Id.* at 2–3.) To initiate the transfer, officers had Hageman stand inside the cell, face away from the officers, and then place his hands

through the cell door's tray slot to be handcuffed. (*Id.* at 2.) Officers then escorted Hageman to his new cell. (*Id.*)

## ANALYSIS

### I. Legal Standard

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir. 2012) (citing Fed. R. Civ. P. 56(c)). A dispute of fact is "genuine" if a factfinder could reasonably determine the issue in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court views the facts in the light most favorable to Hageman and gives him the benefit of all reasonable inferences. *B.M. ex rel. Miller v. S. Callaway R-II Sch. Dist.*, 732 F.3d 882, 886, 888 (8th Cir. 2013). "The burden of demonstrating an absence of a genuine dispute of material fact is on the moving party." *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks and citation omitted).

## II. Excessive Force[1]

There is no Eighth Amendment violation if the officers' use of force was "a good-faith effort to maintain or restore discipline." *Hudson v McMillian*, 503 U.S. 1, 7 (1992). Only if the officers used force "maliciously and sadistically to cause harm" will Hageman succeed on his Eighth Amendment claim. *Id.* To evaluate his claim, the Court considers "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (citation omitted).

As to the four surveillance videos: According to Hageman, officers "lifted" him "off the ground by the handcuff chain," injuring his wrist and finger. (ECF No. 152 ("Hageman Decl.") ¶ 33.) He argues that the incident was "horrific, painful, and humiliating" and that officers' actions were "extreme" and "outrageous." (*Id.* ¶¶ 3, 27.) The video, however, "flatly contradicts his version of events." (R&R at 7.)

The first video shows six officers arriving to Hageman's cell. (ECF No. 119 Ex. 6 at 0:00–0:35.) Hageman takes four minutes to pack up his belongings. (*Id.* at 0:00–4:41.) He then turns his back to the cell door. (*Id.* at 4:41–4:49.) Officers have him "place his hands through the tray slot" in the door so that he could be handcuffed. (ECF No. 119 ¶ 10.)

---

[1] Defendants argued that summary judgment was proper for two reasons. First, Hageman did not exhaust his administrative remedies. (ECF No. 115 at 6.) Second, Hageman cannot prevail on his Eighth Amendment claim. (*Id.* at 8.) The Court agrees with Judge Schultz that granting summary judgment on the Eighth Amendment claim is the best way to resolve this case. (R&R at 6.)

It takes officers around thirty seconds to handcuff Hagemen. (ECF No. 119 Ex. 6 at 4:49–5:17.) The officers obscure the camera so that the Court cannot see the handcuffing itself. After Hagemen stands up and faces the door, an officer indicates for him to turn around; two officers escort him out of his cell. (*Id.* at 5:28–6:08.) The second video shows officers escorting Hageman to his new cell. (ECF No. 119 Ex. 7.) The third video shows officers check the new cell and escort him into the cell. (ECF No. 119 Ex. 8.) The fourth video depicts officers uncuffing him and conducting an unclothed search in the new cell. (ECF No. 119 Ex. 9 at 1:16–2:38.) There is no sign that the interaction is fraught or that officers are acting aggressively.

Based on the videos, summary judgment for Defendants is proper. The Court views facts in a light most favorable to Hageman "*only if* there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). In this case, "[t]he videotape quite clearly contradicts the version of the story told by" Hageman. *Id.* at 378. During the thirty seconds it took officers to handcuff Hageman there are no violent movements by any party. (ECF No. 119 Ex. 6 at 4:49–5:17.) When Hageman stands up after the handcuffing, there is no evidence that any significant use of force occurred. Officers and Hageman calmly leave the cell and walk uneventfully to his new cell. Because no reasonable jury could believe that the officers' actions were malicious or sadistic, Defendants are entitled to summary judgment.

In his objection, Hagemen first argues that the "video is subject to interpretation." (ECF No. 157 at 3.) As explained above, the video depicts a routine transfer. There is no indication of excessive force.

He next argues that the R&R erred by not crediting his broken wrist. (*See id.* at 4.) But Hageman produced no evidence of a broken wrist. In fact, the record suggests the opposite. One nurse noted "no obvious fracture or deformity" and "[n]o bruising or swelling" after the incident. (ECF No. 117 at 1. (sealed exhibit)) Hageman at first refused an x-ray. (*Id.* at 2.) By the time he did receive an x-ray, the results noted "no fracture or malalignment." (ECF No. 117-2 at 1.) Even if the handcuffing was painful, there is no genuine dispute about whether he broke his wrist. *Cf. Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir. 1990) (affirming district court's denial of Fourth Amendment excessive force claim where plaintiff suffered no long-term injury because of his handcuffing).

Last, Hageman's objection references an assault in a "stairwell": "The Video footage of the assault in the stairwell is blocked by all the officers in the videos involving the transfer." (ECF No. 157 at 3.) "In considering a summary judgment motion, the court may 'disregard[] a theory of liability asserted in the plaintiff's response that was not pleaded as required by the applicable pleading standard.'" *Sage as Tr. for Sage v. Bridgestone Americas Tires Operations, LLC*, 514 F. Supp. 3d 1081, 1086–87 (D. Minn. 2021) (quoting *Richardson v. Omaha Sch. Dist.*, 957 F.3d 869, 878 (8th Cir. 2020)). Throughout this

5

case, the Court's understanding has been that Hageman directed his excessive force claim at the handcuffing that occurred at his cell. Defendants attest that they have disclosed all relevant video, none of which depicts a stairwell.[2] (*See* ECF No. 119 ¶ 15.) The original 2019 incident report does not reference a stairwell. (ECF No. 119-5 at 1.) Hageman's own complaint does not reference a stairwell. (*See generally* ECF No. 1.) And beyond the reference in his objection, Hageman submitted no evidence to suggest any assault in a stairwell.

In sum, "the record taken as a whole could not lead a rational trier of fact to find for" Hagemen on his Eighth Amendment excessive force claim. *Matsushita Elec.*, 475 U.S. at 587. Thus, summary judgment for Defendants is appropriate.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings, IT IS HEREBY ORDERED THAT:

1. Plaintiff's objection (ECF No. 157) is OVERRULED;

2. The Report and Recommendation (ECF No. 156) is ACCEPTED;

3. Defendants' Motion for Summary Judgment (ECF No. 113) is GRANTED.

---

[2] To the extent Hageman argues that summary judgment should be denied because he is entitled to additional discovery, the Court agrees with Judge Schultz's conclusion. First, "Hageman raised his discovery-related complaints far too late." (R&R at 9.) Second, "Hageman has not sufficiently explained why he needs additional discovery." (*Id.*)

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 27, 2025                                          BY THE COURT:

                                                               s/Nancy E. Brasel
                                                               Nancy E. Brasel
                                                               United States District Judge